UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: LARRY D. BOSSLER and | : | CHAPTER 13 |
| VALERIE A. BOSSLER | : | |
| Debtor(s) | : | |
| | : | |
| CHARLES J. DEHART, III | : | |
| STANDING CHAPTER 13 TRUSTEE | : | |
| Movant | : | |
| | : | |
| vs. | : | |
| | : | |
| LARRY D. BOSSLER and | : | |
| VALERIE A. BOSSLER | : | |
| Respondent(s) | : | CASE NO. 1-20-bk-03381 |

## TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN

AND NOW, this 7th day of January, 2021, comes Charles J. DeHart, III, Standing Chapter 13 Trustee, and objects to the confirmation of the above-referenced debtor(s)' plan for the following reason(s):

1. Debtor(s)' plan violates 11 U.S.C. Sec. 1322(a)(1) in that the debtor(s) has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

Trustee alleges and avers that debtor(s)' disposable income is greater than that which is committed to the plan based upon disposable income on Schedules I and J and specifically disputes the following amounts:

    a. Retirement loan (verification)

2. Debtor(s)' plan violates 11 U.S.C. Sec. 1325(a)(4) in that the value of property to be distributed under the plan on account of each allowed unsecured claim is less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7. More specifically, debtor has excess non-exempt equity in the following:

    a. Automobile – 2010 Ford F150

3. The Trustee avers that debtor(s)' plan is not feasible based upon the following:

    a. Plan ambiguous – Payment. Adequate protection payments.

4. Trustee avers that debtor(s)' plan is not feasible and cannot be administered due to the lack of the following:

    a. Last paystub dated December, 2020.

WHEREFORE, Trustee alleges and avers that debtor(s) plan is nonconfirmable and therefore Trustee prays that this Honorable Court will:

a. Deny confirmation of debtor(s) plan.
b. Dismiss or convert debtor(s) case.
c. Provide such other relief as is equitable and just.

Respectfully submitted:

/s/Charles J. DeHart, III
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

CERTIFICATE OF SERVICE

AND NOW, this 19th day of January, 2021, I hereby certify that I have served the within Objection by electronically notifying parties or by depositing a true and correct copy of the same in the United States Mail at Harrisburg, Pennsylvania, postage prepaid, first class mail, addressed to the following:

Mark Buterbaugh, Esquire
230 York Street
Hanover, PA 17331

/s/Deborah A. Behney
Office of Charles J. DeHart, III
Standing Chapter 13 Trustee2